UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
MAR 17 2021
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| **Charlie Andrew Wigfall**, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Civil Action No. 2:21-cv-00231 ) Plaintiff Demands Trial by Jury |
| **Cellco Partnership, dba Verizon Wireless**, and **Trans Union, LLC**, | ) ) ) |
| *Defendant.* | ) ) |

## COMPLAINT

**COMES NOW** Plaintiff, Charlie Andrew Wigfall, by and through the undersigned counsel, and complains against Defendants Cellco Partnership, dba Verizon Wireless and Trans Union, LLC as follows:

### PRELIMINARY STATEMENT

1. Plaintiff seeks equitable and monetary relief because of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter, "FCRA"), which contains certain prohibitions against furnishers of information.

### STATEMENT OF JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendant transacts business and the conduct complained of occurred within this District.

### STATEMENT OF THE PARTIES

3. Plaintiff Charlie Andrew Wigfall ("Mr. Wigfall") is a natural person, is over the age of

majority, is a resident and citizen of Montgomery County, Alabama, and is an individual consumer aggrieved by the unlawful conduct of the above-identified Defendant. Mr. Wigfall is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant Cellco Partnership, dba Verizon Wireless ("Verizon") is a Foreign General Partnership, has a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920, and is engaged in the business of providing communications-related products and services to consumers. Verizon is a furnisher of information, as contemplated by 15 U.S.C. § 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

5. Trans Union, LLC ("Trans Union") is a Foreign Limited Liability Company and has a principal place of business at 555 West Adams Street, Chicago, Illinois 60661. Trans Union is a consumer reporting agency, as defined by 15 U.S.C. § 1681(f), that regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

## FACTUAL ALLEGATIONS

6. Mr. Wigfall incorporates herein by reference each of the foregoing paragraphs.

7. On December 14, 2015, Mr. Wigfall filed a Voluntary Petition ("Petition") under Chapter 13, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 15-33505 ("Bankruptcy Case").

8. At the time he filed the Petition, Mr. Wigfall was indebted to Verizon; accordingly, within Schedule E/F of the Petition, Mr. Wigfall identified Verizon as a creditor holding an unecured claim related to prepetition cellular phone products and/or services.

9. The Bankruptcy Noticing Center's Certificate of Notice for the Notice of Chapter 7 Bankruptcy Case reflects that such notice was provided to Verizon, via electronic transmission, on December 15, 2015, at its preferred noticing address as set forth by 11 U.S.C. § 342(f).

10. On March 29, 2016, the Bankruptcy Court entered its Discharge Order Discharging Debtor(s) which extinguished Mr. Wigfall's *in personam* liability to, among others, Verizon.

11. The Bankruptcy Noticing Center's Certificate of Notice for the Discharge Order Discharging Debtor(s) reflects that the Order was provided to Verizon, via electronic transmission, on March 29, 2016.

12. Mr. Wigfall alleged, within adversary proceeding 17-03014 ("Adversary Proceeding") that was filed on February 9, 2017, that Verizon violated the discharge injunction of 11 U.S.C. § 524(a). While the parties reached a confidential compromise of the claims within the Adversary Proceeding on or around October 13, 2017, Mr. Wigfall restates, in part, the allegations therefrom the Adversary Proceeding (which are of public record) as context only to provide backup related to Verizon's knowledge of and familiarity with the subject account, the dispute related to the subject account, and the absence of personal liability upon the subject account, as follows:

- On August 18, 2016, Verizon mailed a statement to [Mr. Wigfall] which states, in pertinent part, that [he] owes the sum of $365.72 to [Verizon], which sum is for pre-petition cellular services (Ex. "A", attached in the Adversary Proceeding).

- On August 29, 2016, [Mr. Wigfall], through his bankruptcy counsel, mailed a letter to Verizon which states, in pertinent part, as follows (Ex. "B", attached in the Adversary Proceeding):

  > Please be advised that the above debtor retained our services in the filing of a Chapter 7 bankruptcy. On December 14, 2015, the above-named debtor filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code. The case number is 15-33505. The debt to VERIZON WIRELESS was listed in the debtor's bankruptcy schedules and Verizon was given proper notice.
  >
  > My Client's bankruptcy was discharged on the [sic] March 29, 2016, a copy of the Notice of Bankruptcy Discharge is also enclosed for your reference. Accordingly, you are hereby given notice that the debt due you from the debtor was discharged. Under section 524(a)(2) of the Bankruptcy Code, a discharge operates as an injunction against any act to collect a discharged debt.
  >
  > It is my understanding that you are continuing to attempt to collect this debt from my clients [sic] on that account, a copy of your correspondence is attached for your review. Be advised that my clients [sic] are protected under section 362 of Title 11 the United States Code and the attempt to collect a protected debt is prohibited. If you continue to contact my client in this matter, I will be forced to file a motion with the Bankruptcy Court requesting the appropriate sanctions. We are requesting that all further communications concerning this matter be directed to this office.
  >
  > Please govern yourself accordingly, if you have any questions regarding the filing of this case, please do not hesitate to contact this office or consult your attorney.

- Verizon's collection efforts continued with further collection statements; accordingly, [Mr. Wigfall] advised his bankruptcy counsel of such further collection efforts which prompted the letter discussed in the following paragraph.

- On October 26, 2016, [Mr, Wigfall], through his bankruptcy counsel, mailed a second letter to Verizon which states, in pertinent part, as follows (Ex. "C", attached in the Adversary Proceeding):

> Please be advised that the above debtor retained our services in the filing of a Chapter 13 [sic] bankruptcy. On December 14, 2015, the above-named debtor filed a voluntary petition under chapter 7 of the U.S. Bankruptcy Code. The case number is 15-33505. The debt to VERIZON WIRELESS was listed in the debtor's bankruptcy schedules. My Client's bankruptcy was discharged on March 29, 2016.
>
> It is my understanding that you are continuing to attempt to collect this debt from my clients on that account, a copy of your correspondence is attached for your review. Be advised that my clients are protected under 362 of Title 11 of the United States Code and the attempt to collect a protected debt is prohibited. If you continue to contact my client in this matter, I will be forced to file a motion with the Bankruptcy Court requesting the appropriate sanctions. We are requesting that all further communications concerning this matter be directed to this office. This is our second notice to you to cease and desist.
>
> Please govern yourself accordingly, if you have any questions regarding the filing of this case, please do not hesitate to contact this office or consult your attorney.

- Despite the aforesaid cease and desist letters, Verizon has continued with its efforts to collect the discharged debt.

- On September 18, 2016, Verizon mailed a statement to [Mr. Wigfall] which states, in pertinent part, that [he] owes the sum of $365.72 to [Verizon], which sum is for pre-petition cellular services (Ex. "D", attached in the Adversary Proceeding).

- On some date between September 18 and November 4, 2016, as reflected in the letter discussed in the following paragraph, Verizon assigned, consigned or otherwise transferred the subject discharged debt to NSA for the sole purpose of collection.

- On November 4, 2016, NSA mailed a letter to [Mr. Wigfall] which states, in pertinent part, as follows (Ex. "E", attached in the Adversary Proceeding):

> Records of our client, Verizon Wireless, indicate that your account with them remains unpaid. Our client has asked us to proceed

> hereby with collection of the above balance.
>
> . . .
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

- The bottom one-third of the aforesaid collection letter is comprised of a detachable payment remittance coupon.

- On some date between November 4 and December 22, 2016, Verizon assigned, consigned or otherwise transferred the subject discharged debt to MRS for the sole purpose of collection.

- On December 22, 2016, MRS mailed a letter to [Mr. Wigfall] which states, in pertinent part, as follows (Ex. "F", attached in the Adversary Proceeding):

   > The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.
   >
   > . . .
   >
   > Simply pay 2 monthly payment(s) totaling $299.08.   Your first payment of $149.54 is due by 01/30/2017.   Subsequent payment(s) are due by the 6th of the month until the offer is paid in full.

- The bottom one-third of the aforesaid collection letter is comprised of a detachable payment remittance coupon.
- [Mr. Wigfall] and his bankruptcy counsel have diligently attempted to obtain compliance with the dictates of the discharge injunction; however, such efforts have proven futile.

- As set forth herein above, Verizon has engaged in direct efforts to collect the subject discharged debt from [Mr. Wigfall].

- Further, as set forth herein above, Verizon has engaged NSA and MRS for the sole purpose of collecting the subject discharged debt from [Mr. Wigfall].

- Verizon engaged in such unlawful acts despite having indisputable notice of the bankruptcy case by virtue of the *Order of Relief*, the *Discharge*

> *Order Discharging Debtor(s)* and the multiple letters from Mr. Wigfall's bankruptcy counsel.

13. As set forth above, Mr. Wigfall and Verizon reached a confidential compromise of the claims set forth within the Adversary Proceeding.

14. Recently, on February 9, 2021 and/or approximately three and one-half years after the confidential compromise was reached in the Adversary Proceeding, Mr. Wigfall discovered that Verizon had reported false and derogatory information regarding the account to one or more credit reporting agencies, specifically including Trans Union, by stating that Mr. Wigfall has personal liability on the account, that the account has a balance, and that the account is in collections. Notably, Veizon failed to report that the account was included in the Bankruptcy Case.

15. More specifically, within his credit disclosure file with Trans Union, Mr. Wigfall discovered that Verizon had unlawfully reported and was continuing to unlawfully report that Mr. Wigfall had individual responsibility on the account, that the account balance is $365.00, and that the account has been placed for collection. Verizon reported that the account was opened on April 19, 2011 which is prepetition to the Bankruptcy Case and further which, because of no further transactions with Verizon, confirms that Mr. Wigfall's *in personam* liability upon the account was estinguished by the Discharge Order Discharging Debtor(s) in the Bankruptcy Case. The report clearly states that Verizon provided such false and derogatory information on January 31, 2021 which is after the confidential compromise in the Adversary Proceeding and the Discharge Order Discharging Debtor(s) in the Bankruptcy Case.

16. Thereafter, also on February 9, 2021, Mr. Wigfall promptly contested and/or filed a dispute of the account with Trans Union. At or near 12:54 p.m. on said date, Trans Union confirmed receipt of Mr. Wigfall's contested and/or dispute.

17. On February 25, 2021, Trans Union provided to Mr. Wigfall the Investigation Results Report which, according to the report itself, changed and/or updated the "date closed, remarks and rate" of the subject account. The information provided within the report reflects that Mr. Wigfall has individual responsibility on the account, that the account was opened on April 19, 2011, that the account balance is $365.00, and that the account has been placed for collection.

18. On February 26, 2021, Trans Union provided to Mr. Wigfall the Dispute Results Disclosure which reflects that Mr. Wigfall has individual responsibility on the account, that the account was opened on April 19, 2011, that the account balance is $365.00, that the same amount is past due, that the account was closed on October 31, 2016, and that the account has been placed for collection. The disclosure provides that the account information is disputed by the consumer.

19. As set forth above, Verizon verified and/or reverified the false reporting to Trans Union. Trans Union then merely parroted the information back to third parties through its credit reporting database.

20. Trans Union failed its duty to reinvestigate the dispute and/or contest filed by Mr. Wigfall.

21. The dispute was resolved in favor of Verizon without the correction and/or deletion of the account balance (should accurately reflect as being $0.00), amount past due (should accurately reflect as being $0.00), statement of personal responsibility (should accurately reflect no liability or simply blank) and/or report of collection activity (should report that no collection activity is occurring relative to the account).

22. Notwithstanding notice of the Bankruptcy Case and the dispute filed by Mr. Wigfall, Verizon verified and/or reverified the account with Trans Union.

23. Notwithstanding notice of the Bankruptcy Case and the dispute filed by Mr. Wigfall, Trans

Union faled and/or refused to accurately report the account.

24. Verizon's and Trans Union's willful and negligent violations of the FCRA, federal law and/or state law have caused Mr. Wigfall to suffer mental distress, embarrassment, frustration and humiliation, and loss of money which Mr. Wigfall will in the future continue to suffer the same.

25. Mr. Wigfall has abstained from applying for credit, had adverse action taken on existing credit accounts and/or been denied credit, and sustained actual damages including emotional distress and pecuniary loss.

26. Because of Verizon's and Trans Union's unlawful conduct, Mr. Wigfall is entitled to damages (actual, punitive and statutory, as available), attorney's fees, and all other appropriate measures of relief to punish and deter similar future conduct by Verizon and Trans Union.

## CAUSES OF ACTION

### COUNT I – AGAINST VERIZON
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681, *et seq.*

27. Mr. Wigfall incorporates herein by reference each of the foregoing paragraphs.

28. Verizon <u>violated</u> the FCRA. All actions taken by employees, agents, servants, or representatives of any type for Verizon were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

29. Verizon, in response to Mr. Wigfall's dispute and/or contest, willfully and/or negligently verified and/or reverified the accuracy of the false and derogatory information it had furnished and continues to furnish to one or more credit reporting agencies, specifically including Trans Union.

30. In the entire course of its actions, Verizon, as a furnisher of information, willfully and/or negligently violated the provisions of the FCRA in the following respects:

  a. By willfully and/or negligently failing to fulfill its duties as listed within section 15 U.S.C. §1681s-2(b), to wit:

    (1) failing to conduct a reasonable investigation with respect to the information disputed by Mr. Wigfall, after having received notice of the dispute from one or more credit reporting agencies;

    (2) failing to review all relevant information provided by Mr. Wigfall; and

    (3) failing to modify, delete and/or permanently block information relating to the subject account as said account is being reported within Mr. Wigfall's credit disclosure files.

  b. defaming Mr. Wigfall by publishing to third parties false and derogatory information regarding his creditworthiness

  c. invading the privacy of Mr. Wigfall; and

  d. failing in its duty to prevent foreseeable injury to Mr. Wigfall.

31. The foregoing acts and omissions were undertaken by Verizon willfully, intentionally, knowingly and/or in gross reckless disregard for the rights of Mr. Wigfall.

32. As a result of the above violations of the FCRA, Verizon is liable to Mr. Wigfall for a declaratory judgment that Verizon's conduct violated the FCRA. Verizon is further liable to Mr. Wigfall for damages (actual, statutory and punitive, as available), and costs and attorney's fees, under the FCRA, pursuant to 15 U.S.C. § 1681n, for any conduct determined to be willful, and pursuant to § 1681o, for any conduct determined to be reckless and/or negligent.

  **WHEREFORE**, Mr. Wigfall prays that judgment be entered against Verizon as follows:

  a) a declaratory judgment that Verizon violated the FCRA;

  b) a declaratory judgment that Verizon acted intentionally, willfully, negligently and/or in reckless disregard of Mr. Wigfall's rights and Verizon's obligations under the FCRA;

c)   an award of damages (actual, statutory and punitive, as available) to Mr. Wigfall as provided by the FCRA;

d)   an award of reasonable attorney's fees and costs as provided by the FCRA; and

e)   an award of such other and further relief, in law and/or equity, as this Honorable Court may deem just and appropriate.

## COUNT II – AGAINST TRANS UNION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681, *et seq.*

33.   Mr. Wigfall incorporates herein by reference each of the foregoing paragraphs.

34.   During the entire course of its action, Trans Union willfully and/or negligently violated the provisions of the FCRA as follows:

   a.   by willfully and/or negligently failing, in the preparation of the consumer reports concerning Mr. Wigfall, to follow reasonable procedures to assure maximum possible accuracy of the information within the reports;

   b.   by willfully and/or negligently failing to comport with 15 U.S.C. § 1681i;

   c.   by defaming Mr. Wigfall by publishing to third parties false and derogatory information regarding his creditworthiness;

   d.   by invading the privacy of Mr. Wigfall; and

   e.   by failing in its duty to prevent foreseeable injury to Mr. Wigfall.

35.   The foregoing acts and omissions were undertaken by Trans Union willfully, intentionally, knowingly and/or in gross reckless disregard for the rights of Mr. Wigfall.

36.   As a result of the above violations of the FCRA, Trans Union is liable to Mr. Wigfall for a declaratory judgment that Trans Union's conduct violated the FCRA. Trans Union is further liable to Mr. Wigfall for damages (actual, statutory and punitive, as available), and costs and attorney's fees, under the FCRA, pursuant to 15 U.S.C. § 1681n, for any conduct determined to

be willful, and pursuant to § 1681o, for any conduct determined to be reckless and/or negligent.

**WHEREFORE**, Mr. Wigfall prays that judgment be entered against Trans Union as follows:

    a)    a declaratory judgment that Trans Union violated the FCRA;

    b)    a declaratory judgment that Trans Union acted intentionally, willfully, negligently and/or in reckless disregard of Mr. Wigfall's rights and Trans Union's obligations under the FCRA;

    c)    an award of damages (actual, statutory and punitive, as available) to Mr. Wigfall as provided by the FCRA;

    d)    an award of reasonable attorney's fees and costs as provided by the FCRA; and

    e)    an award of such other and further relief, in law and/or equity, as this Honorable Court may deem just and appropriate.

**RESPECTFULLY SUBMITTED** this the 16th day of March 2021.

/s/ Anthony Brian Bush
Anthony Brian Bush (BUS028)
*Attorney for Plaintiff Charlie Wigfall*

**The Bush Law Firm, LLC**
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone:    (334) 263-7733
Facsimile:    (334) 832-4390
Bar Id. #:    ASB-7306-A54B
Email:    abush@bushlegalfirm.com